NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 09-3945

UNITED STATES OF AMERICA

v.

JOSE LUIS CASTRO-VILLALOBOS,
Appellant

Appeal from the United States District Court
for the District of Delaware
(D.C. Criminal No. 1-09-cr-00032-001)
District Judge: Honorable Joseph J. Farnan, Jr.

Submitted Under Third Circuit LAR 34.1(a)
September 16, 2010

Before: SCIRICA, RENDELL and FISHER, Circuit Judges.

(Filed: September 17, 2010)

OPINION OF THE COURT

RENDELL, Circuit Judge.

Jose Luis Castro-Villalobos appeals his sentence of 46 months' imprisonment for

illegally reentering the United States in violation of 8 U.S.C. § 1326. After pleading

guilty, Castro-Villalobos' guideline sentencing range was 46 to 57 months. Castro-

Villalobos contends that his sentence is substantively unreasonable because of its severity. The District Court had jurisdiction pursuant to 18 U.S.C. § 3231. We exercise jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742. We will affirm.

Because we write for the parties who are familiar with the factual context and procedural history of this case, we recite only the facts that are relevant to our analysis. Castro-Villalobos is a Mexican citizen who entered the United States without permission and was deported in 1999 after being convicted of assault in 1995. At some point prior to 2008, Castro-Villalobos reentered the United States without permission. In 2008, he was convicted of assault in Delaware.

Castro-Villalobos asked the District Court to sentence him "as low as possible" so that he could return to his wife and two young children in Mexico. Appellant's Br. 7. He explained that he returned to the United States to earn money to pay for medical bills related to his wife's pregnancy. On appeal, Castro-Villalobos merely asserts that "[g]iven these circumstances, a sentence of 46 months imprisonment was unreasonably severe." *Id.*

We review the District Court's sentencing for reasonableness based on the totality of the circumstances, under an abuse of discretion standard. *Gall v. United States*, 552 U.S. 38, 51 (2007). We defer to the District Court's application of the 18 U.S.C. § 3553(a) factors and determination of an appropriate sentence. *United States v. Ausburn*, 502 F.3d 313, 329 (3d Cir. 2007). Here, the District Court engaged in a proper analysis of the § 3553(a) factors and reached a reasonable sentence. Castro-Villalobos does not

2

present any evidence or argument from which we could conclude that the District Court abused its discretion by imposing the sentence that it did, at the lowest end of the guideline range.

For the foregoing reasons we will AFFIRM the Judgment and Commitment Order of the District Court.